**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-2234**

In Re: LANDMARK LAND COMPANY OF FLORIDA, INC.,
a Delaware corporation,

Debtor/Reorganized Debtor.

-------------------------------------------------

LANDMARK LAND COMPANY OF FLORIDA, INC., a
Delaware corporation,

Plaintiff - Appellee,

and

SOUTH FLORIDA WATER MANAGEMENT DISTRICT, an
instrumentality of the State of Florida;
VILLAGE OF WELLINGTON FLORIDA, ACME
IMPROVEMENT DISTRICT, a dependent district of
the Village of Wellington, Florida,

Defendants - Appellees,

versus

PALM BEACH POLO INC., a Florida corporation;
TRI-STATE GROUP INC., an Ohio corporation,

Defendants - Appellants,

and

HENRY DEAN, Executive Director of the South
Florida Water Management District; CHARLES H.
LYNN, Village Manager of the Village of
Wellington, Florida,

Defendants.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CA-02-1207-2-18; CA-91-5291-1-18; BK-91-05816)

Argued: March 16, 2006                    Decided: April 13, 2006

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Larry Allen Zink, ZINK, ZINK & ZINK CO., L.P.A., Canton, Ohio, for Appellants. Jay Ira Morstein, DLA PIPER RUDNICK GRAY CARY US, L.L.P., Baltimore, Maryland; Peter H. Levitt, SHUTTS & BOWEN, Miami, Florida, for Appellees. **ON BRIEF:** Daniel J. Carrigan, DLA PIPER RUDNICK GRAY CARY US, L.L.P., Washington, D.C., for Appellee Landmark Land Company of Florida, Inc., a Delaware corporation; James E. Nutt, Senior Specialist Attorney, SOUTH FLORIDA WATER MANAGEMENT DISTRICT, West Palm Beach, Florida, for Appellee South Florida Water Management District, an instrumentality of the State of Florida.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In 1987, appellee, Landmark Land Company of Florida (Landmark Florida), applied to the South Florida Water Management District (SFWMD) for a permit to build a golf course in the Palm Beach Polo and Golf Country Club (PBPCC), which is located in Wellington, Florida.  J.A. 901-02.  SFWMD issued the requested permit but mistakenly listed the permittee as "Landmark Land Company, Inc," which was the indirect parent company of the applicant, Landmark Florida.  Id. at 903.  Landmark Florida never undertook the construction allowed by the permit.  Id. at 904.

In 1993, Landmark Florida sold PBPCC to appellant, Tri-State, as part of Landmark Florida's Chapter 11 reorganization plan.  Id. at 906.  Shortly after the sale, Tri-State assigned its contractual interest under the Purchase and Sale Agreement to appellant, Palm Beach Polo.  Id. at 907.  Palm Beach Polo became the owner of PBPCC upon the 1993 closing and it continues to own PBPCC.  Id.  SFWMD was not notified of the change in PBPCC's ownership.  Id.  Some time after Palm Beach Polo acquired PBPCC, Palm Beach Polo began construction that did not comply with the 1987 permit.  Id. at 907-08.  When SFWMD learned of this construction in 2001, it filed an action in Florida state court against Palm Beach Polo.  Id. at 908.  SFWMD also sent a Notice of Violation with respect to the 1987 permit to Landmark Florida, which was still the permittee of record for PBPCC.  Id.

Landmark Florida filed this action in the District of South Carolina for a declaration that any liability it had under the 1987 permit ceased with the sale of PBPCC to Palm Beach Polo because the sale documents provided for the assignment of the permit to Palm Beach Polo. See id. at 119. The district court decided that federal jurisdiction was proper because "Landmark Florida's Chapter 11 bankruptcy has not been closed out by this court" and the proceeding was "at the very least, 'related to' the underlying bankruptcy case." Id. at 108 (quoting 28 U.S.C. § 1334(b)). The district court also reformed the permit to list Landmark Florida, rather than Landmark Land Company, Inc., as the permittee. Id. at 927. It then held that the 1987 permit was assignable. Id. at 927-29. After a short trial to determine whether the permit was actually assigned, the district court concluded that the PBPCC sale documents evinced the parties' intent to assign the permit and that the permit was, in fact, assigned to Palm Beach Polo in the sale. Id. at 1409-13. Therefore, the district court held that the permit and "any rights, duties, and obligations of Landmark Florida thereunder" were assumed by Palm Beach Polo. Id. at 1412.

On the question of the assignability of the permit, the district court concluded that although "non-assignable" appeared on the face of the permit, the permit was assignable because both parties to the permit (Landmark Florida and SFWMD) consented to the assignment. Id. at 928-29. The district court reasoned that, even

-4-

though SFWMD did not know that PBPCC had changed ownership at the time of the sale, SFWMD impliedly waived the non-assignability provision by routinely transferring permits and allowing them to be assigned. Id. A representative from SFWMD testified that SFWMD would have agreed to the transfer of the permit at the time of the sale and will now approve the transfer of the permit. Id. at 597-98. At oral argument, counsel for SFWMD represented that SFWMD believes this permit to have been assignable. The fact that SFWMD routinely allows the transfer and assignment of permits upon changes in property ownership combined with SFWMD's representations that this permit was assignable persuade us that the district court was correct in holding that the permit was assignable.

As for the question whether the parties effected an assignment, having thoroughly reviewed the district court's opinion on the matter and the parties' briefs and submissions on appeal, we conclude that the district court did not err in concluding that the

permit was assigned to Palm Beach Polo.  We therefore affirm the judgment of the district court on the reasoning of that court.[*]

AFFIRMED

---

[*]Palm Beach Polo also argues that the permit was expired and that SFWMD was equitably estopped from enforcing the permit.  These arguments do not affect our decision that the permit was assignable but should, we suspect, be considered by the Florida courts in any proceeding to enforce the permit against Palm Beach Polo.

Additionally, Palm Beach Polo appeals the district court's entry of an order against Palm Beach Polo Holdings, Inc., which is not a named party to this suit.  However, even if it was improper for the district court to enter the order, Palm Beach Polo cannot appeal the district court's order on behalf of a non-party.